UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE WATSON ) | CIVIL ACTION NO. |
|    Plaintiff ) | |
| v. ) | |
| KIMBERLY REDMOND ) | SEC. **23-3226** |
|    In her individual and official capacity ) | |
| DIRECTOR FERNANDO RIVERA ) | |
|    In his individual and official capacity ) MAG. | **SECT. T MAG. 5** |
| SOUTHEAST LOUISIANA VETERANS HEALTHCARE SYSTEM ) | |
|    In its official capacity ) | |
| SECRETARY DENIS MCDONOUGH ) | |
|    In his individual and official capacity ) | |
| DEPARTMENT OF VETERAN AFFAIRS ) | |
|    In its official capacity ) | |
|    Defendants ) | |

TENDERED FOR FILING

AUG 0 3 2023

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

**INTRODUCTION**

1. This is a civil rights action under Title 42 U.S.C. s. 1983. for the violation of the Plaintiff's constitutional rights. Plaintiff seeks monetary and punitive damages and injunctive relief against Defendants.

2. Since 2018, Defendants have failed and refused to provide Plaintiff monies and services to which Plaintiff

1

was entitled, pursuant to federal statues and official guidelines/procedures of the Office of Veterans Affairs [herein the "VA"].

3. Def. SLVHCS failed and refused to provide Plaintiff proper medical treatment in a timely fashion

**PARTIES**

1. Plaintiff Lawrence Watson is at all times relevant to this complaint a resident of Metairie, Louisiana in Jefferson County and a resident of the United States of America

2. Defendant Kimberly Redmond is at all times relevant to this complaint an officer of Defendant Department the Office of Veterans Affairs, a duly authorized branch/division/department of the United States.

3. Defendant Fernando Rivera is at all times relevant to this complaint an officer of Defendant Department of Veterans Affairs, a duly authorized branch/division/department of the United States.

4. Defendant Southeast Louisiana Veterans Healthcare System is at all times relevant to this complaint a branch of Defendant Department of Veterans Affairs, a duly authorized branch/division/department of the United States.

5. Defendant Denis McDonough is at all times relevant to this complaint an officer of Defendant Department the Office of Veterans Affairs, a duly authorized branch/division/department of the United States.

6. Defendant Department of Veterans Affairs is at all times relevant to this complaint a duly authorized branch/division/department of the United States.

## JURISDICTION

Jurisdiction is based upon Jurisdiction is based upon Title 42 U.S.C. 1983, Title 42 U.S.C. 1985, Title 42 U.S.C. 1986, Title 42 U.S.C. 1988, Title 18 U.S.C. 3231, Title 28 U.S.C. 1331, Title 28 U.S.C. 1332, Title 28 U.S.C. 1651, Title 28 U.S.C. 2201, Title 28 U.S.C. 2402, Title 28 U.S.C. 2412, Title 28 U.S.C. 2671, Title 28 U.S.C. 2674, Title 18 U.S.C. 3231, Title 18 U.S.C. 1343, the Federal Tort Claims Act and on the pendent jurisdiction of This Court to entertain a claim arising under state law.

## STATEMENT OF FACTS

1. In May of 2018 Plaintiff began receiving health care service from Def. Southeast Louisiana Veterans Healthcare System [herein "Def. SLVHCS"] of Def. Department of the

Office of Veterans Affairs [herein the "VA"]. Plaintiff is a disabled veteran of the United States Army.

2. In June of 2018 Plaintiff began to question the travel Office of Def. SLVHCS regarding his failure to receive compensation/reimbursement for his travel expenses to VA-approved medical appointments, pursuant to federal statutes

3. In October of 2018 Def. SLVHCS referred Plaintiff to Dr. Joseph Feinstein for a knee replacement operation and to begin pre-operation consultation.

4. In January of 2019 Dr. Feinstein performed and completed the knee surgery replacement on Plaintiff at the East Jefferson General Hospital in Metairie, Louisiana.

5. In January of 2019 Plaintiff paid for the flight and travel expenses of Clayton Green to travel from Boston, MA to Metairie, LA to act as Plaintiff's personal care assistant [herein "PCA"] after Plaintiff's knee replacement surgery. Def. SLVHCS refused to offer Plaintiff a PCA as suggested in its pamphlet of veterans' benefits.

6. In late January of 2019 Plaintiff began seeing Dr. Feinstein for post-operation examinations of Plaintiff's knee. Plaintiff discovered that Def. SLVHCS did not

provide post-operation rehabilitation that was suggested and recommended strongly by Dr. Feinstein

7. In January of 2019 Plaintiff began contacting the Office of Defendant Director Fernando Rivera [herein "Def. Rivera"] of Def. SLVHCS regarding Plaintiff's travel expenses to VA-approved medical appointments.

8. In March of 2019 Plaintiff began receiving post-rehabilitation treatment for the knee replacement surgery at Therapydia at the referral of Def. SLVHC.

9. In July of 2019 Def. SLVHCS ended Plaintiff's treatment at Therapydia.

10. On September 13, 2019, Plaintiff's injuries that were a direct result of his military service were exacerbated in an accident during his passage on a bus that is operated by the state.

11. In December of 2019 Def. SLVHCS referred Plaintiff to Therapydia for treatment of injuries that Plaintiff suffered on September 13, 2019.

12. In July of 2020 Def. SLVHCS ended Plaintiff's post-examination treatment with Dr. Feinstein.

13. In October of 2020 Def. SLVHCS ended Plaintiff's treatment at Therapydia.

14. In April of 2021 Plaintiff wrote Defendant Secretary Denis McDonough [herein "Def. McDonough"] of

5

zeitgeist Department of Veterans Affairs [herein "Def. VA"] and President Joseph Biden concerning the failure and the refusal of Def. SLVHCS to grant Plaintiff travel pay, pursuant to federal statutes and official VA guidelines and procedures. Def. McDonough referred the matter to Defs. SLVHC and Rivera; Biden referred the matter to the White House VA Hotline Team (Complaint No. 05302478)

15. In July of 2021 Plaintiff contacted again Def. McDonough and Pres. Biden because Defs. SLVHCs and Rivera failed and refused to rectify Plaintiff's complaints concerning his travel pay. Again Def. McDonough and Pres. Biden referred the matter to Defs. SLVHC and Rivera

16. In August of 2021 Plaintiff was contacted by Defendant Kimberly Redmond [herein "Def. Redmond"] of the Travel Office of Def. SLVHC regarding his complaints about travel pay.

17. Despite several acts of communication with Def. Redmond and detailed receipts of travel expenses, to date Plaintiff has not received reimbursement for travel expenses and other health care related expenses.

18. On December 9, 2022 Plaintiff filed a claim under the Federal Tort Claims Act with Def. VA.

6

19. Having received no response to his claims under the FTCA, on July 22, 2023 Plaintiff filed another with Def. VA

**VIOLATION OF CONSTITUTIONAL RIGHTS BY DEFENDANTS REDMOND, RIVERA, AND SLVHC**

20. The Plaintiff restates the allegation in paragraphs 1 through 19 and incorporates said paragraphs herein as paragraph 20.

21. Title 42 U.S.C. 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

22. In relevant part Title 18 U.S.C. 241 makes it illegal for two or more persons to conspire, to **injure**, to oppress, tom threaten, or to intimidate any person in any State in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States. (emphasis added)

23. In relevant part Title 18 U.S.C. 242 makes it illegal for anyone under color of any law to **willfully** subject any person to the deprivation of any rights secured or protected by the Constitution. (emphasis added)

24. In relevant part Title 18 U.S.C. 246 makes it illegal for anyone directly or indirectly to deprive, to attempt to deprive, or threaten to deprive any person of any employment, position, work, **compensation, or other benefit provided for or made possible in whole or in part by any Act of Congress** appropriating funds for work relief or relief purposes. (emphasis added)

25. The U.S. Supreme Court has recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. See Sioux City Bridge Co. v. Dakota County, 260 U. S. 441 (1923); Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U. S. 336 (1989). The U.S. Supreme Court explained that "`[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether

occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" Sioux City Bridge Co., supra, at 445 (quoting Sunday Lake Iron Co. v. Township of Wakefield, 247 U. S. 350, 352 (1918)).

26. Pursuant to federal legislation and by the admission of Def. Redmond, Plaintiff was entitled to transportation to medical facilities as a result of his knee replacement.

27. Pursuant to federal legislation and by the admission of Def. Redmond, Plaintiff was entitled to compensation for transportation costs at Def. SLVHC's facilities and at approved third party facilities to medical facilities.

28. Defs. Rivera and Redmond's acts violated the aforementioned federal statutes. Defs. SLVHC and McDnough are liable for failing and for refusing to properly supervise Defs. Redmond and Rivera and for insuring the cessation of Plaintiff's constitutional rights.

Wherefore, the Plaintiff requests This Court:
1. Award Plaintiff compensatory damages against the
    Defendants jointly and severally for travel pay

and reimbursement for travel related expenses with applicable interest

2. Award Plaintiff punitive damages of $100,000 against the Defendants jointly and severally

3. Award Plaintiff reimbursement for the cost of this action, including performing reasonable attorney fees

4. Grant Plaintiff immediate injunctive relief to insure compliance with federal statutes and to protect his constitutional rights.

5. Grant Plaintiff injunctive relief to prevent continued violation of his constitutional rights.

**JURY TRIAL DEMAND**

A jury trial is demanded

Respectfully

*[signature]*
Lawrence Watson

Pro Se

P. O. Box 1331

Metairie, LA 70004

(617) 708-5018

Date: July 31, 2023



CLERKS OFFICE
U.S. DISTRICT COURT
- EASTERN DISTRICT
500 POYDRAS STREET
NEW ORLEANS, LA 70130

WATSON
P.O. BOX 1331
METAIRIE, LA 70004



