UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAWRENCE WATSON | * | CASE NO. 23-3226 |
| v. | * | SECTION: "T" (5) |
| KIMBERLY REDMOND, ET AL | * | JUDGE GUIDRY |
| | * | MAGISTRATE NORTH |

## ORDER AND REASONS

*Pro se* Plaintiff Lawrence Watson filed this suit against the United States Department of Veteran Affairs (the "VA"), several of its officers, and the Southeast Louisiana Veterans Healthcare System, a branch of the VA (collectively "Defendants"), asserting Defendants had "failed and refused to provide [him] monies and services to which [he is] entitled" and seeking damages and injunctive relief pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment's equal protection clause, the Federal Tort Claims Act, and various criminal statutes. R. Doc. 4. Defendants now move the Court jointly to dismiss this action, asserting several grounds for dismissal, including lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). R. Doc. 16-1. Plaintiff has responded in opposition. R. Doc. 20.

Having considered the parties' briefing, as well as the applicable facts and law, the Court holds it lacks subject-matter jurisdiction over this action. Plaintiff claims Defendants either denied or simply ignored his requests for reimbursement for "travel expenses to VA-approved medical appointments," to which he asserts he is entitled "pursuant to federal statutes and official

1

guidelines/procedures of the [VA.]"[1] R. Doc. 4. Although Plaintiff couches his claims largely in constitutional terms, Plaintiff ultimately challenges only the denial of veterans' benefits. The Veterans Judicial Review Act ("VJRA") establishes the sole review procedure by which veterans may appeal benefits determinations and confers jurisdiction to review those decisions exclusively to the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7292. This is not that court.

In opposition to this conclusion, Plaintiff asserts the VJRA is "inapplicable in this matter" because he "never received a decision letter" from the VA as to his requests for reimbursement and "A veteran cannot appeal the denial of a benefit from the VA without a decision letter." R. Doc. 4 at 4–5. Even presuming this to be true, it does not render the VJRA inapplicable, nor does it imbue this Court with jurisdiction to hear Plaintiff's claims. Accordingly;

**IT IS ORDERED** that Defendants' Motion to Dismiss, R. Doc. 16, is **GRANTED** and that this action in its entirety and all claims raised therein are hereby **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[2]

New Orleans, Louisiana, this 29th day of February, 2024.

_____
Greg Gerard Guidry
United States District Judge

---

[1] The Court notes that Plaintiff's Complaint identifies no particular statute or guideline establishing such an entitlement. *See* R. Doc. 4.

[2] Plaintiff has also moved to amend his complaint. R. Doc. 19. However, Plaintiff seeks only to add the United States as a defendant to this suit. Because it would not cure the jurisdictional defect identified by the Court, the proposed amendment would be futile, and the Court need not grant leave to amend. *See, e.g.*, *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir.), *cert. denied*, 143 S. Ct. 353 (2022) (explaining that a proposed amendment would be futile if even the "amended complaint would fail to state a claim upon which relief can be granted"). Accordingly, Plaintiff's Motion to Amend his Complaint, R. Doc. 19, is also **DENIED**.